Note

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
JAN 15 2013
PATRICK J. DUGGAN
U.S. DISTRICT JUDGE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D- 6   DEONTE DEJUAN MORRIS
    (a.k.a. "Onte", "Twin"),

    Defendant.

_____/

Criminal No. 2:11-cr-20178

Honorable Patrick J. Duggan

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and LINDA AOUATE, Assistant U.S. Attorney, together with Defendant DEONTE DEJUAN MORRIS, by and through his attorney, CORBETT E. O'MEARA, hereby submit this Stipulated Preliminary Order of Forfeiture:

WHEREAS, a Second Superseding Indictment was filed on or about December 15, 2011, which charged Defendant DEONTE DEJUAN MORRIS ("Defendant") with conspiracy to possess with intent to distribute and to distribute controlled substances, possession with intent to distribute a controlled substance and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

WHEREAS, the Second Superseding Indictment contains Forfeiture Allegations providing notice that upon conviction, the government will seek forfeiture of (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly as the result of the

controlled substances offenses, and (b) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, pursuant to Title 21, United States Code, Sections 853;

WHEREAS, on November 7, 2012, the United States filed the Government's First Forfeiture Bill of Particulars enumerating specific property that the government intends to forfeit:

- One (1) Norinco MAK 90 Assault Rifle, Serial No: 9495106, with loaded magazine; and
- One (1) 7.62 Magazine Round,

which were seized from 18968 Hamburg, Detroit, Michigan on or about December 31, 2009 [Docket No. 220];

WHEREAS, on September 19, 2012, pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to Count One of the Second Superseding Indictment, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

WHEREAS, Defendant agrees to the immediate entry of this Stipulated Preliminary Order of Forfeiture;

NOW THEREFORE, based upon the Second Superseding Indictment, Defendant's acknowledgment of criminal forfeiture, his Rule 11 Plea Agreement and guilty plea, the agreement of the parties to this stipulated order, and the information in the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT

1. Any and all interest of Defendant in the following property:

    (a) One (1) Norinco MAK 90 Assault Rifle, Serial No: 9495106, with loaded magazine; and

      (b)    One (1) 7.62 Magazine Round,

(collectively referred to as the "Subject Property") IS HEREBY FORFEITED to the United States for disposition in accordance with the law; and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED because the Subject Property is subject to forfeiture pursuant to Title 21, United States Code, Section 853.

2.    Upon entry of this Order, the United States or a designee is authorized to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

3.    The United States shall publish for at least thirty days, utilizing the internet site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within Thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the

petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

4. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of his sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

5. Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the Subject Property, the United States shall have clear title to the Subject Property, and the Attorney General, the United States Marshal's Service and/or the Federal Bureau of Investigation ("FBI"), or its designee, are authorized to dispose of the Subject Property in accordance with law.

6. Defendant waives the requirements of Federal Rules of Criminal Procedure regarding announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise.

7. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

_____
LINDA AOUATE (P-70693)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
Linda.aouate@usdoj.gov

Dated: January __, 2013

_____
CORBETT E. O'MEARA, ESQ. (P-54716)
Attorney for Defendant Deonte Dejuan Morris
500 Griswold, Suite 2340
Detroit, MI 48226
(313) 882-7450
Ceoged@me.com

Dated: January 15, 2013

_____
DEONTE DEJUAN MORRIS, Defendant

Dated: January 15, 2013

*******************************************

**IT IS SO ORDERED.**

Dated: JAN 15 2013

s/Patrick J. Duggan
_____
HONORABLE PATRICK J. DUGGAN
United States District Judge

5